UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------

UNITED STATES OF AMERICA,

v.

LOUIS GRIFFIN,

                Defendant.

94-CR-631 (SHS)

<u>ORDER</u>

SIDNEY H. STEIN, U.S. District Judge.

    From the late 1980's through the 1990's, defendant Louis Griffin committed various murders and attempted murders as part of the 142nd Street Lynchmob Crew, a group based in Harlem, New York that operated a narcotics business and sold hundreds of kilograms of cocaine and cocaine base. (Def.'s Mot. at 1, ECF No. 512; PSR ¶ 114-115.) On April 12, 1996, he pleaded guilty to racketeering and conspiring to commit murder in aid of racketeering. (Def.'s Mot. at 1, ECF No. 512.) Judge Allen G. Schwartz sentenced Griffin to 30 years' imprisonment. (J., ECF No. 210.) Griffin is currently serving his sentence at the United States penitentiary in Beaumont, Texas ("USP Beaumont"), and is projected to be released on July 22, 2021. (Def.'s Mot. at 1-2, ECF No. 512.)

    Griffin now moves under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to reduce the remainder of his sentence to time served. (*Id.*) Since Griffin submitted a request to the warden of his facility in April 2020, it appears that he has exhausted his administrative rights. (Def.'s Mot. Ex. A, ECF No. 512.)

    The compassionate release statute allows a court to grant a sentence reduction upon a defendant's motion after "considering the factors set forth in section 3553(a)" and determining that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Griffin contends that his health conditions, combined with the danger of COVID-19 infection, constitute "extraordinary and compelling reasons" to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot. at 2-3, ECF No. 512.) Griffin suffers from Type II diabetes, hypertension, and high cholesterol and correctly notes that "[a]ccording to the Center for Disease Control . . . Type II diabetes increases an individual's risk of severe illness from COVID-19." (*Id.*) Because the government concedes that "extraordinary and compelling reasons" support Griffin's motion for a sentence reduction in this case, Gov't's Opp'n at 6, ECF No. 514, the Court proceeds to consider whether the factors set forth in 18 U.S.C. § 3553(a) warrant Griffin's immediate release.

    The section 3553(a) factors mandate consideration of, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Griffin's conduct was extremely serious. He provided protection and security for the 142nd Street Lynchmob Crew, a job he undertook by organizing murders, robberies, and assaults of rival narcotics traffickers and other perceived threats to the Lynchmob Crew's activities. (PSR ¶¶ 119-138.) Pursuant to Counts 1 and 6 in the indictment, Griffin pleaded guilty to murdering seven people, aiding and abetting the murder of two people, attempting to murder three people, and conspiring to murder one other person. *See* PSR ¶¶ 1-74, 76.

The Sentencing Guidelines range for Griffin's conduct was life imprisonment. (PSR ¶ 251.) However, because Griffin pled guilty to charges governed by a statutory maximum, Judge Schwartz ultimately sentenced him to 30 years. (J., ECF No. 210.) Because Griffin's violent conduct caused severe harm—including loss of life—to his many victims, the Court finds that the sentence imposed by Judge Schwartz remains appropriate.

Because the Court finds that the section 3553(a) factors do not support Griffin's requested sentence reduction, IT IS HEREBY ORDERED that Griffin's motion for a sentence reduction is denied.

Dated: New York, New York
January 4, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.